No. 86-119

IN THE SUPREME COURT OF THE STATE OF MONTANA

1986

STATE OF MONTANA,

        Plaintiff and Respondent,

   -vs-

EDWARD LEE FOREST,

        Defendant and Appellant.

APPEAL FROM: District Court of the Fourth Judicial District,
In and for the County of Missoula,
The Honorable Douglas Harkin, Judge presiding.

COUNSEL OF RECORD:

    For Appellant:

        Ian Christopherson, Missoula, Montana

    For Respondent:

        Hon. Mike Greely, Attorney General, Helena, Montana
Robert L. Deschamps, III, County Attorney, Missoula,
Montana

Submitted on Briefs: July 31, 1986

Decided: December 16, 1986

Filed: **DEC 16 1986**

Clerk

Mr. Chief Justice J. A. Turnage delivered the Opinion of the Court.

On October 21, 1985, a motion for order of commitment was filed in the District Court of the Fourth Judicial District, Missoula County, seeking to compel Edward Lee Forest to serve the remainder of his jail sentence. Forest filed a brief opposing the motion in which he attacked the validity of the original sentence imposed on him. The District Court granted the motion and ordered Forest to serve the remainder of his sentence. Forest appeals from that order.

An information was filed in the District Court against Edward Forest on May 26, 1983, alleging in Count I that he violated § 61-8-401, MCA, driving a motor vehicle under the influence of alcohol, a third offense, and in Count II that he violated § 61-5-102, MCA, operating a motor vehicle without a valid driver's license. On August 15, 1983, a second information was filed alleging that Forest again violated §§ 61-8-401 and 61-5-102, MCA. He initially pled not guilty to all four counts, but on December 28 he withdrew his not guilty pleas and pled guilty to each count. Sentencing occurred on April 30, 1984.

In its judgment in Missoula County Cause No. 6373 (assigned from the information filed on May 26), the court sentenced Forest to one year in the county jail with all but three months of the sentence suspended on Count I and to six months in the county jail with all but fifteen days of the sentence suspended on Count II. The same sentence was entered in Missoula County Cause No. 6441 (assigned from the information filed on August 15). The sentences were to run consecutive with each other and with the sentences in each cause. Forest did not appeal from these judgments.

Forest was released from jail on September 18, 1984, after serving 142 days of his sentence; however, his release was subject to several conditions. Subsequently, the deputy county attorney filed a petition for revocation of probation, and at the hearing on the matter, Forest admitted the allegations of the petition. Under an order dated April 15, 1985, and entered in both causes, the court revoked Forest's prior suspended sentence and ordered him to serve nine months and five days in the county jail. The terms and conditions of probation on the original sentence of April 30, 1984, were continued in full force and effect. No appeal was taken from this judgment either.

In July 1985, Forest was temporarily released from custody in order to attend a thirty-day alcohol rehabilitation and treatment program. He successfully completed the program, but he failed to return to serve the balance of his jail term. The deputy county attorney filed a motion for an order of commitment on October 21, 1985, requesting that Forest be ordered to serve the remainder of his jail sentence. By memorandum and order dated January 20, 1986, the District Court granted the motion for commitment.

In its order, the court stated that the judgment of April 30, 1984, is the basis of the court's authority over Forest. That judgment extended jurisdiction over him until April 30, 1987. Therefore, the conditions of probation imposed by the original sentence were to remain in effect until April 1987. Forest timely filed a notice of appeal from this order.

During the pendency of this appeal, Forest served the balance of his jail sentence. By order of the District Court, he was released from incarceration on October 8, 1986.

3

Defendant raises three issues in his appeal:

1. Did the District Court err by failing to give defendant credit for the time he had already served prior to revocation of his sentence?

2. Was the order of January 20, 1986, committing defendant to serve the balance of the sentence imposed under the April 1985 judgment, invalid for the reason that defendant had already completed the sentence imposed on him by the April 1984 judgment?

3. Did the District Court err by attempting to assert jurisdiction over defendant until April 1987?

It is unnecessary for us to decide the first two issues because they have been rendered moot. Defendant does not contest the correctness of the underlying judgments. Rather, the gist of his argument is that he should not have been compelled by the January 20 order to serve any further jail time because the court did not properly credit him with the time previously served and because he had already served the remainder of the original sentence imposed. Since defendant has now completed the balance of the sentence imposed by the April 1985 judgment and has been released from incarceration, any discussion on these two issues would be purely academic. It is well settled that this Court will decide issues only when they have some practical effect on a party; we will not decide questions that have mere theoretical significance.

Defendant contends in his third issue that the District Court erred in asserting jurisdiction over him until April 30, 1987. It is likewise unnecessary for us to consider this issue because, in the State's response to defendant's answer to motion to dismiss for mootness, filed October 30, 1986, the State concedes that it will not seek to enforce the

4

conditions of probation imposed on defendant under the court's original order for the period between October 8, 1986, and April 30, 1987. Therefore, this issue is also moot.

Remanded to the District Court with instructions to release defendant from its probation jurisdiction effective October 8, 1986, the date of his release from custody.

Chief Justice

We concur:

Justices